# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2011

No. 11-50227
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS RIOS BUENO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-167-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Carlos Rios Bueno appeals following his conviction on a three-count indictment charging him with using the mails to defraud Endeavor Energy Resources by submitting fraudulent invoices for work purportedly performed by his company, Muy Bueno Backhoe Service. He argues that the evidence was legally insufficient to support the jury's verdict because the Government did not establish "use of the mails" as required in a federal mail fraud prosecution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50227

Bueno moved for a judgment of acquittal at the close of the Government's case, and he renewed his motion at the close of all of the evidence. Accordingly, he properly preserved his sufficiency claim for appellate review. *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000). The denial of a motion for a judgment of acquittal is reviewed de novo. *Id.* In deciding the sufficiency of the evidence, we will affirm a jury verdict if, "viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt." *United States v. Clark*, 577 F.3d 273, 284 (5th Cir. 2009) (internal quotation and citation omitted).

To prove mail fraud under 18 U.S.C. § 1341, the Government must prove beyond a reasonable doubt: "(1) a scheme to defraud (2) which involves a use of the mails (3) for the purpose of executing the scheme." *United States v. Ingles*, 445 F.3d 830, 835 (5th Cir. 2006) (internal quotation marks and citations omitted). Although the Government must prove that the mailing caused by the defendant's actions was incident to an essential part of the scheme, it need not prove that the defendant used the mails himself or actually intended that the mail be used. *Id.* The defendant "causes" the mails to be used if he does an act with the knowledge that the use of the mails will follow in the ordinary course of business, or where such use can be reasonably foreseen. *Id.* A mailing is "incident to an essential part of the scheme" if the completion of the alleged scheme depended in some way on the use of the mails. *Id.*

Bueno argues that the Government failed to establish his use of the mails because his scheme to defraud was complete before the payment checks were deposited in the mail. He argues that the scheme began when he filled out the invoices and hand delivered them to an Endeavor Energy Resources employee and obtained his approval; therefore, "[a]ny mailing was tangential and after the alleged scheme had occurred." He further argues that the reasoning set forth by the Supreme Court in *United States v. Maze*, 414 U.S. 395 (1974) and *Kahn v. United States*, 323 U.S. 88 (1944), supports this argument. *Id.*

2

No. 11-50227

In *Kahn*, 323 U.S. at 94-95, the Supreme Court held that the mailing of fraudulently cashed checks between two banks was not "incident to an essential part of the scheme" because the scheme to defraud was complete when the defendants cashed the fraudulent checks at the first bank.  In *Maze*, 414 U.S. at 402, the Court held that the mailing of invoices among a motel proprietor and a credit card holder by a credit card company was immaterial to the consummation of the defendant's scheme because the scheme reached fruition when the defendant fraudulently obtained goods and services using the credit card, not when the credit card bills were mailed to the card holder.  In *United States v. Strong*, 371 F.3d 225, 229 (5th Cir. 2004), this court recognized that under the holdings in *Kahn* and *Maze*, "a tangential mailing occurring after the success of a fraud scheme is complete would never qualify" as incident to an essential part of the scheme.

Unlike in *Kahn* and *Maze*, the mailings at issue were the payments themselves.  "Mailings that distribute the proceeds of the scheme to defraud among the perpetrators are 'incident to an essential part of the scheme.'" *United States v. Rico Indus., Inc.*, 854 F.2d 710, 713 5th Cir. 1988) (citing *Pereira v. United States*, 347 U.S. 1, 8 (1954)).  Bueno's scheme could not, and did not, come to fruition unless and until Endeavor paid either him directly, or paid the factoring company.  The mailings were thus an integral part of the scheme.

Bueno's sole challenge to the use of the mails element of the offense is without merit.  Accordingly, the evidence was sufficient to establish the use of the mails element of the offense.  *See Rico Indus*, 854 F.2d at 713.

AFFIRMED.